**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**UNITED STATES OF AMERICA,**

                    **Plaintiff,**

    **v.**                                    **12-CV-0118**

**MARK D. HANSON**

                    **Defendant.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.    BACKGROUND**

Plaintiff commenced this action seeking damages for an unpaid student loan, including interest and costs.[1]  See Pl.'s Compl. ¶¶ 3-5.  Presently before the Court is Plaintiff's Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2).

**II.    DISCUSSION**

To obtain a default judgment, Plaintiff must satisfy the procedural requirements of Fed. R. Civ. P. 55 and N.D.N.Y.L.R. 55.2.  See Chao v. Party Rental Enters., Inc., 2008 WL 3851812, at *5 (N.D.N.Y. Aug.15, 2008).  Local Rule 55.2 requires Plaintiff to accompany its motion with a clerk's entry of default certificate, a proposed form of default judgment, and a copy of the pleading to which no response has been made.  See L.R. 55.2(b).  The moving party also must include an affidavit setting forth: 1) that the responding party is not an infant,

---

[1] Although Plaintiff originally requested legal fees, it withdrew the request in the Motion for Default Judgment.

incompetent, or in the military service; 2) the responding party has defaulted in appearance in the action; 3) service was properly effected under Fed. R. Civ. P. 4; 4) the amount sought is justly due and owing and that no part has been paid; and 5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred.  See L.R. 55.2(a).

Plaintiff has satisfied the procedural requirements of Fed. R. Civ. P. 55 and N.D.N.Y.L.R 55.2.  To satisfy L.R. 55.2(b), Plaintiff accompanied its motion with a certificate of entry of default entered by the clerk on April 18, 2012, a proposed form of default judgment, and a copy of the complaint and the instant motion.  See Pl.'s Compl.; Dkt. No. 3, 7.  Plaintiff has also submitted an affidavit setting forth the following facts to satisfy L.R. 55.2(a): 1) Defendant is not an infant, incompetent, or in the military; 2) Defendant failed to appear in this action; 3) Defendant was properly served the Summons and Complaint; 4) Defendant failed to make payments on the loans, and 5) disbursements sought to be taxed have been made.  See Dkt. No. 3, 7, at ¶¶ 3-5.

Further, Defendant's default serves as an admission of all well-pleaded allegations in the Complaint.  See Volkswagen A.G. v. V.W. Parts, Inc., 2009 WL 1045995, at *1 (N.D.N.Y. Apr. 20, 2009).  Therefore, based on the default, Defendant admits the following facts: 1) On or about July 24, 2005, Defendant executed a promissory note to secure a Direct Consolidation Loan from the Department of Education; 2) Defendant has not made payments on the loan since August 18, 2009; 3) demand has been made upon Defendant for payment of the indebtedness, and 4) Defendant has not paid.  See Pl.'s Compl. ¶ 3-5; Ex. A.  These allegations are sufficient to establish Defendant's liability for a breach of contract.  See Marks v. New York Univ., 61 F. Supp. 2d 81, 88 (S.D.N.Y. 1999) (indicating elements of breach of

contract are: the existence of a contract, performance by the party seeking recovery, non-performance by the other party, and damages attributable to the breach).

Although Defendant's default constitutes a concession of Plaintiff's allegations, it does not serve as an admission of damages. See Volkswagen A.G., 2009 WL 1045995, at *1. Usually, the plaintiff has the burden to establish damages in an evidentiary proceeding. See id. However, if the damages are susceptible to mathematical computation, or the amount is liquidated, the court need not conduct an evidentiary proceeding because there is a basis for calculating the damages. See id. Here, no evidentiary proceeding is necessary. The materials submitted with the Complaint, together with the affidavits in support of the Motion for Default Judgment, are sufficient to establish damages on the promissory note because the principal owed on the note and the interest are susceptible to mathematical computation. See Pl.'s Compl. Ex. A.

Plaintiff also seeks an award pursuant to Fed. R. Civ. P. 55(b) of $55.00 in fees charged by counsel's private process server for serving the Summons and Complaint. See Dkt. No. 7, at ¶ 7. Plaintiff has presented no evidence it actually incurred this fee, other than counsel's representation that the information contained in the motion is true. See United States v. Anthony, 2010 WL 681359, at *2 (N.D.N.Y. Feb. 24, 2010). Accordingly, the Court will not award costs at this time. Plaintiff may file a separate Bill of Costs after judgment is entered.

## III.     CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for Default Judgment. Accordingly, the Clerk of Court is directed to enter judgment in Plaintiff's favor for the principal sum of $42,447.19 plus accrued interest at 5.38% per annum from August 18,

2009 to April 19, 2012 in the amount of $6,100.18 plus additional accrued interest at 5.38% per annum from April 19, 2012 to the date of entry.

IT IS SO ORDERED.

Dated: June 4, 2012

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge